UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COOLERIDGE BELL BEY also known as
Carlton Bell,

                        Plaintiff,

                        -against-

SAVOY PARK APARTMENTS,

                        Defendant.

19-CV-7226 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff brings this action *pro se*. By order dated August 14, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff Cooleridge Bell Bey alleges that since 2016, he has lived with his uncle, Fred Johnson, in the Savoy Park Apartments at 60-61 West 142nd Street. Plaintiff had given Johnson "one month's rent and [a] security" deposit and stayed in the apartment as Johnson's caretaker. The apartment allegedly has numerous habitability violations. On April 8, 2019, Johnson became ill and eventually died. Plaintiff brings this action against Savoy Park Apartments and seems to argue that he has a right to a lease or ownership of the property.

**DISCUSSION**

Federal district courts have limited subject matter jurisdiction. Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, 28 U.S.C. § 1332. "[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Plaintiff does not

invoke the Court's federal question jurisdiction or assert claims against his uncle's landlord that arise under federal law. The Court therefore cannot exercise federal question jurisdiction over this matter.

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) Plaintiff does not plead any facts about where defendant is incorporated or has its principal place of business, and he therefore fails to demonstrate that the Court has diversity jurisdiction over this action.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects unless it would be futile to do so. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.[1]

---

[1] The state courts have general jurisdiction and thus have jurisdiction over landlord-tenant matters. The Court notes that federal district courts are not authorized to review or exercise appellate jurisdiction over state court judgments. *See McKithen v. Brown,* 481 F.3d 89, 96 (2d Cir. 2007). On August 19, 2019, the Court received Plaintiff's letter indicating that the state court clerk rudely rejected papers that he submitted in an action to assert his housing succession rights on the ground that such documents were improperly formatted. (ECF No. 4.) Plaintiff may wish to seek assistance with his state court proceedings from nonprofit agencies providing legal assistance with housing, such as Manhattan Legal Services (917-661-4500) or another agency.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 20, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge